UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

September 27, 2017

MEMORANDUM TO COUNSEL RE:   Enoch Silver v. Greater Baltimore Medical
Center, Inc., et al.
Civil Action No. GLR-16-3539

Dear Counsel:

Pending before the Court is Plaintiff Enoch Silver's Motion to Remand (ECF No. 21). The Motion is ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outline below, the Court will grant the Motion.[1]

"[F]ederal [question] jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). If all four of these requirements are met, federal jurisdiction is proper because "there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Id. (quoting Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–14 (2005)).

Here, the Court concludes that Defendants, Greater Baltimore Medical Center, Inc., Johns Hopkins Hospital, Inc., and The Union Memorial Hospital, Inc., have failed to satisfy all of the elements necessary for establishing federal question jurisdiction over Silver's state law claims. First, Silver's Complaint sets forth only state law claims for violations of the Maryland Consumer Protection Act, Md. Comm. Law Code Ann. § 13-101 et seq., and the Maryland Confidentiality of Medical Records Act (the "MCMRA"), Md. Health-General Code Ann. § 4-304. (See Compl. ¶¶ 49–61). In his Complaint, Silver alleges that the MCMRA should be interpreted consistent with the Health Insurance Portability and Accountability Act ("HIPAA"), but neither of his claims are predicated on a violation of HIPAA. Thus, Silver's claims do not necessarily raise a federal issue. Second, because Silver's claims do not necessarily raise a federal issue, there is no actually disputed and substantial federal issue. Finally, the Court notes its concern that federal courts will hear traditionally state cases removed by defendants when the only federal issue is that the state law is interpreted in line with its federal analogue. Cf. Grable, 545 U.S. at 319. Because Defendants failed to establish federal question jurisdiction, the Court will remand the case to state court.

---

[1] Also pending before the Court is Defendants' Joint Motion to Dismiss. (ECF No. 20). Because the case will be remanded to state court, the Court will deny the Motion as moot.

For the foregoing reasons, Silver's Motion for Remand (ECF No. 21) is GRANTED. The pending Joint Motion to Dismiss the Complaint (ECF No. 20) is DENIED AS MOOT. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly, REMAND this case to the Circuit Court for Baltimore City, Maryland, and CLOSE this case.

Very truly yours,

/s/

_____
George L. Russell, III
United States District Judge